IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RACHEL E. FIELDS,

      Appellant,

v.

Case No. 5D17-3751

DONNIE B. FIELDS,

      Appellee.

_____/

Opinion filed August 24, 2018

Non-Final Appeal from the Circuit Court
for Orange County,
Heather P. Rodriguez, Judge.

Margaret E. Kozan, of Margaret E. Kozan,
P.A., Winter Park, and Daniel C. Elkins, of
Law Offices of Elkins & Freedman,
Altamonte Springs, for Appellant.

Megan D. Widmeyer, of Law Offices of
Megan D. Widmeyer, P.A., Fort
Lauderdale, for Appellee.

PER CURIAM.

      Rachel E. Fields, the former wife, appeals the trial court's order granting the former

husband's, Donnie B. Fields, motion to set aside the final judgment of dissolution of

marriage. We affirm in part, reverse in part, and remand.

      The former wife submitted a proposed final judgment to the trial judge that

incorporated the parties' settlement agreement. The former husband objected to parts of

the proposed final judgment. Without ruling on the former husband's objections, the trial court entered the former wife's proposed final judgment.[1] Thereafter, on the former husband's motion, the trial court set aside the final judgment and ordered the parties to attend mediation and re-notice the case for trial. The former wife challenges that order, arguing that there was no evidence of mistake, inadvertence, surprise, or excusable neglect justifying setting aside the final judgment under Florida Rule of Civil Procedure 1.540(b)(2), and that there was no evidence of fraud or another basis for setting aside the settlement agreement.

We affirm without discussion that portion of the order setting aside the final judgment under rule 1.540(b)(2) as it appears the trial court was unaware that the former husband had objected to the proposed final judgment. However, we reverse the order to the extent that the court also ordered the parties to attend mediation and re-notice the case for trial because it effectively set aside the parties' valid settlement agreement without any justification and granted relief the former husband did not request in his motion.

AFFIRMED in part; REVERSED in part; and REMANDED.

COHEN, C.J., ORFINGER and EDWARDS, JJ., concur.

---

[1] We express no opinion on the merits or timeliness of the former husband's objections.